| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| *ACRECENT FINANCE PARTNERS, LLC*<br><br>Apelada<br><br>V.<br><br>*ALMOTEC, CRL*;<br>WILLIAM ALFARO CORRALES, ANA L. MONGE SING y LA SOCIEDAD DE GANANCIALES QUE ELLOS COMPONEN; KATHIA BENAVIDES HUERTAS, WILLIAM ALFARO MONGE y LA SOCIEDAD DE GANANCIALES QUE ELLOS COMPONEN<br><br>Apelantes | KLAN202500028 | Apelación Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2024CV03810<br><br>Sobre:<br>Cobro de Dinero, Incumplimiento de Contrato, Ejecución de Prenda |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Martínez Cordero[1]

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 11 de febrero de 2025.

El 13 de enero de 2025, Almotec, CRL (Almotec o apelante) compareció ante nos mediante *Apelación* y solicitó la revisión de una *Sentencia* que se emitió el 17 de octubre de 2024 y se notificó 12 de diciembre de 2024. Mediante el aludido dictamen, el TPI declaró Ha Lugar la *Demanda* presentada por Acrecent Finance Partners, LLC (Acrecent o apelada). En consecuencia, le anotó la rebeldía a Almotec (Almotec o apelante), el Sr. William Alfaro Corrales, la Sra. Ana Monge Sing y la Sociedad Legal de Gananciales compuesta por ambos, la Sra. Kathia Benavides, el Sr. William Alfaro Monge y la Sociedad Legal de Gananciales compuesta por ambos (parte

---

[1] De conformidad con la Orden Administrativa JP-2018-035, y debido a la inhibición de la Hon. Ana M. Mateu Meléndez, se designa a la Hon. Beatriz M. Martínez Cordero en sustitución., según OATA-2025-004.

demandada), y les ordenó a pagar solidariamente la suma de $129,961.51, más intereses al 16.25% y, 20% de la suma adeudada por concepto de costas y honorarios de abogado.

Por los fundamentos que expondremos a continuación, *confirmamos* el dictamen apelado.

I.

El 25 de abril de 2024, Acrecent presentó una *Demanda* en cobro de dinero y ejecución de prenda contra Almotec y la parte demandada.[2] En esencia, alegó que, el 30 de enero de 2024, otorgó un préstamo a favor de estos por la suma de $161,151.50 y, que estos dejaron de pagar dicho préstamo. En virtud de lo anterior, reclamó la cantidad de $129,961.51 de principal, intereses y recargos, suma que aumentaba cada día al 16.25%, más el 20% de costas y honorarios de abogados. Junto a la *Demanda*, Acrecent incluyó los proyectos de emplazamientos dirigidos a la parte demandada y al apelante. Además, acompañó la *Demanda* con la declaración jurada suscrita por el Sr. Omar De Jesús Román el 30 de agosto de 2024, el *Loan Schedule*, el *Promissory Note*, el *Amendment to Schedule A to Loan and Security Agreement*, el *Allonge to Promissory Note* y, el *Master Progress Funding Agreement*, firmado por las partes.

Así las cosas, el 11 de julio de 2024, el TPI emitió una *Orden de Emplazamiento por Edicto*, en la cual ordenó a que se emplazara por edicto al apelante y la parte demandada, toda vez que Acrecent hizo constar que dichas partes residían fuera de Puerto Rico.[3] Consecuentemente, el 22 de julio de 2024, el TPI expidió los emplazamientos correspondientes y el 30 de julio de 2024, Almotec y la parte demandada fueron emplazadas mediante edicto.[4]

---

[2] Véase, págs. 1-4 del apéndice del recurso.
[3] Id., págs. 8-11.
[4] Id., págs. 5-7 y 46-50.

Posteriormente, el 30 de agosto de 2024, Acrecent presentó su *Moción Solicitando Anotación y Sentencia en Rebeldía.*[5] En esencia, argumentó que el apelante y la parte demandada fueron emplazados el 30 de julio de 2024, y que habiendo transcurrido el término de treinta (30) días sin que estos comparecieran y presentaran alegación responsiva, procedía anotar la rebeldía conforme a la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1 y, dar por admitidas las alegaciones de la *Demanda.*

Por su parte, el **13 de septiembre de 2024**, Almotec y la parte demandada presentaron su *Moción Asumiendo Representación Legal y Solicitud de Prórroga.*[6] En esta, informaron que el Lcdo. Gerardo Tirado Menéndez y el Lcdo. Víctor Gratacós Díaz estarían compareciendo como sus representantes legales y solicitaron que se le concediera un término de treinta (30) días para presentar alegación responsiva.

Cónsono con lo anterior, el 16 de septiembre de 2024, el TPI emitió una *Orden* que se notificó el mismo día, en la cual declaró No Ha Lugar la *Moción Solicitando Anotación y Sentencia en Rebeldía,* puesto que Almotec y la parte demandada habían comparecido al pleito.[7] A su vez, autorizó la representación legal de estos y concedió veinte (20) días para que presentaran alegación responsiva. Al haber incumplido con el término ordenado, el 8 de octubre de 2024, Acrecent presentó su *Moción Reiterando Solicitud de Anotación de Rebeldía y Sentencia en Rebeldía.*[8] Planteó que, el término para que el apelante y la parte demandada presentaran su alegación responsiva había vencido el 7 de octubre de 2024, razón por la cual procedía que se le anotara la rebeldía y dictara sentencia conforme

---

[5] Id., págs. 42-80
[6] Id., págs. 40-41.
[7] Véase, Entrada 26 y 27 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[8] Véase, págs. 33-34 del apéndice del recurso.

a las Reglas 45.1 y 45.2 (a) de Procedimiento Civil, 32 LPRA Ap. V., R. 45.1 y R. 45.2 (a).

Luego de examinar los argumentos presentados por las partes, el 16 de octubre de 2024, el TPI emitió su *Sentencia,* que se notificó al día siguiente, en la cual anotó la rebeldía a Almotec y la parte demandada y declaró Ha Lugar la *Demanda.* Consecuentemente, condenó al apelante y la parte demandada a pagarle solidariamente a Acrecent la suma de $129,961.51, más intereses al 16.25% desde el 7 de marzo de 2024, hasta su total y completo pago y, 20% de la suma adeudada por concepto de costas y honorarios de abogado.[9]

A su vez, realizó las siguientes determinaciones de hechos:

1. El 30 de enero de 2023, Acrecent Financial Corporation concedió un préstamo a Almotec por la suma de $161,151.50. (en adelante, el "Préstamo"). Véase SUMAC 23, Anejo 2 - Declaración Jurada suscrita por Omar L. de Jesús Román el 30 de agosto de 2024 y Anejo 3 - "Loan Schedule", "Promissory Note", "Amendment to Schedule A to Loan and Security Agreement", "Allonge to Promissory Note", "Master Progress Funding Agreement", firmado por las partes.

2. El préstamo fue evidenciado por un pagaré del cual se desprende que Almotec se comprometió en repagar la suma de $190,619.64, junto con intereses al 11.25%, mediante 36 pagos mensuales y consecutivos de $5,294.99, cada uno y un pago final del balance restante. Además, acordó, que cualquier pago que se hiciera luego de vencido, conllevaría una penalidad de 5% del monto del pago y de estar en incumplimiento, se aplicaría una tasa de interés de 16.25%. Id.

3. William Alfaro Corrales, Ana L. Monge Sing y la Sociedad Legal de Gananciales compuesta por ellos garantizaron solidariamente las obligaciones de Almotec con Acrecent Financial Corporation. Véase SUMAC 23, Anejo 4 – "Personal Guaranty" debidamente firmado por el matrimonio AlfaroMonge.

4. William Alfaro Monge, Kathia Benavides Huertas y la Sociedad Legal de Gananciales compuesta por ellos garantizaron solidariamente las obligaciones de Almotec con Acrecent Financial Corporation. Véase SUMAC 23, Anejo 4 – "Personal Guaranty"

---

[9] Id., págs. 12-16.

debidamente firmado por el matrimonio Alfaro Benavides.

5. Acrecent, es dueño y tenedor del Préstamo y el pagaré, por valor satisfecho de buena fe. Véase SUMAC 23, Anejo 2 - Declaración Jurada suscrita por Omar L. de Jesús Román el 30 de agosto de 2024.

6. Acrecent ha hecho gestiones de cobro con los demandados, pero las mismas han resultado infructuosas. Id.

7. En el pagaré y en el Loan and Equipment Security Agreement, Almotec acordó pagar los gastos, costas y honorarios de abogado en que incurriese la demandante al tener que reclamar judicialmente cualquier balance adeudado, los cuales se pactaron en 20% de la suma adeudada. Id.

8. En cuanto al Préstamo, al 7 de marzo de 2024, los demandados le adeudaban a Acrecent la totalidad de $129,961.51, de principal, intereses y recargos, sumas que aumentan cada día que pasa al 16.25%, sin que se paguen la totalidad de las sumas adeudadas, y el 20% de la suma adeudada por concepto de costas y honorarios de abogados, según pactados. Id.

Inconforme, el 31 de octubre de 2024, Almotec y la parte demandada presentaron su moción de *Reconsideración*.[10] En síntesis, arguyeron que comparecieron al pleito y expusieron que pretendían presentar alegaciones responsivas, contestar la *Demanda* y cuestionar las alegaciones presentadas en su contra. No obstante, indicaron que el TPI inmediatamente les anotó la rebeldía como sanción y dictó la *Sentencia*. Sostuvieron que tenían defensas válidas para prevalecer en el pleito. Finalmente, esbozaron que la anotación de rebeldía debió ser la última sanción impuesta. En virtud de lo anterior, razonaron que procedía dejar sin efecto la anotación de rebeldía y revocar la *Sentencia* dictada.

En desacuerdo, el 15 de noviembre de 2024, Acrecent presentó su *Oposición a Reconsideración*.[11] En esta, adujo que el apelante y la parte demandada no presentaron argumentos que

---

[10] Id., págs.18-24.
[11] Id., págs. 29-32.

cuestionaran las determinaciones de hechos y conclusiones de derecho de la *Sentencia*. Sostuvo que estos no presentaron documentos ni anejos que atacaran la validez de la *Sentencia*. Asimismo, planteó que no presentaron justa causa por la cual no presentó su alegación responsiva. De igual forma, argumentó que tuvieron tiempo mayor al que proveen las Reglas de Procedimiento Civil para contestar la *Demanda*, por lo que procedía la anotación de rebeldía. Por último, apuntó que presentó prueba clara y convincente para sustentar las alegaciones de la *Demanda*.

Luego de examinar los argumentos de las partes, el 11 de diciembre de 2024, el TPI emitió una *Resolución Interlocutoria* que se notificó al día siguiente.[12] Mediante esta, declaró No Ha Lugar dicha moción. Particularmente, el TPI indicó lo siguiente:

> [l]a Parte Demandada no demostró causa justificada alguna por la cual se deba dejar sin efecto la sentencia dictada en rebeldía. Tampoco estableció la existencia de una defensa meritoria. Solo se limitó a indicar que tenía defensas meritorias, pero no indicó cuales.

Aún inconforme, el 13 de enero de 2025, Almotec presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el Tribunal de Primera Instancia al declinar el relevo de la anotación de rebeldía.**
>
> **Erró el Tribunal de Primera Instancia al privar a la parte demandada-apelante su derecho de su día en corte y privarlo de la vista en rebeldía que tiene derecho.**

Atendido el recurso, el 21 de enero de 2025, emitimos una *Resolución* en la cual le concedimos a la parte apelada hasta el 12 de febrero de 2025, para presentar su alegato en oposición. Tras haberse cumplido el término que dispusimos para comparecer, Acrecent no presentó ningún escrito, por lo cual procederemos a resolver la controversia sin el beneficio de su comparecencia. *Veamos.*

---

[12] Id., págs. 25.

II.

La Regla 45 de Procedimiento Civil, 32 LPRA AP. V "permite que el tribunal *motu proprio*, o a solicitud de parte, le anote la rebeldía a la otra por no comparecer a contestar la demanda o a defenderse como estipulan las reglas, o como sanción". *Mitsubishi Motor v. Lunor y Otros*, 212 DPR, 819-820 (2023); *Bco. Popular v. Andino Solís*, 192 DPR 172, 178-179 (2015). El propósito de este mecanismo es evitar que la dilación se utilice como estrategia de litigación. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). En específico, la Regla 45.1 de Procedimiento Civil, *supra*, establece que:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.

> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

En *Rivera Figueroa v. Joe's European Shop, supra,* pág. 587., el Tribunal Supremo explicó que una parte puede ser declarada en rebeldía por tres (3) fundamentos. Entre ellos, "el momento en que el demandado no contesta o alega en el término concedido por ley, habiendo comparecido mediante alguna moción previa de donde no surja la intención clara de defenderse". Íd., pág. 588. Ahora bien, "aunque la rebeldía constituye un mecanismo procesal discrecional para el foro de instancia, tal discreción no se sostiene ante el ejercicio burdo o injusto". Íd., pág. 590. **Es decir, "la anotación de rebeldía o dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre se**

KLAN202500028                                                    8

**debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción".** (Énfasis nuestro). Íd. *Mitsubishi Motor v. Lunor y Otros*, 819-820.

Por otro lado, la Regla 45.3 de Procedimiento Civil, *supra,* permite que el tribunal deje sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá dejarla sin efecto de acuerdo con la Regla 49.2 de Procedimiento Civil, *supra.* Refiriéndose al texto de la aludida Regla 45.3, en *Neptune Packing Corp. v. Wakenhut Corp.*, 120 DPR 283, 293-294, el Tribunal Supremo explicó que la Regla 45.3 y 49.2 de Procedimiento Civil, *supra,* estaban estrechamente relacionadas. Específicamente, sostuvo que los criterios inherentes a la Regla 49.2, "tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo y el grado de perjuicio que pueda ocasionarle a la otra parte la concesión del relevo de sentencia, son igualmente aplicables cuando se solicita que una sentencia dictada en rebeldía sea dejada sin efecto". Íd., pág., 294.

En síntesis, según la Regla 45.3 de Procedimiento Civil, *supra,* para conseguir el levantamiento de la anotación de rebeldía, la parte podría presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop, supra,* pág. 592. Es decir, presente la posibilidad de una buena defensa en los méritos y ausente el perjuicio que pudiera ocasionarle a la otra parte, se debe propiciar la adjudicación de los pleitos en sus méritos. Íd., pág. 591. Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha expresado que la acreditación de justa causa se hace con explicaciones concretas y particulares —

debidamente evidenciadas en el escrito— que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 93 (2013). Ahora bien, es importante mencionar que la Regla 45.3 de Procedimiento Civil, supra, se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. Íd., pág. 592.

Finalmente, es importante distinguir que, "mientras en la Regla 45.1 de Procedimiento Civil, *supra*, los requisitos a cumplirse para la anotación de una rebeldía —y lógicamente para que se levante tal anotación ante un incumplimiento— son los que se expresan en la propia regla, en la Regla 45.3 de Procedimiento Civil, *supra*, el "dejar sin efecto" tal anotación dependerá de la existencia de justa causa". Íd.

III.

En este caso, Almotec nos solicita la revocación de la *Sentencia* que se dictó el 17 de octubre de 2024 y se notificó 12 de diciembre de 2024. En esta, anotó la rebeldía al apelante y la parte demanda y declaró Ha Lugar la *Demanda* en cobro de dinero presentada por Acrecent. A su vez, les ordenó a pagar solidariamente la suma adeudada, intereses y honorarios de abogado. En vista de ello, en su primer señalamiento de error, alegó que el TPI indició al declinar el relevo de la anotación de rebeldía. Además, en su segundo señalamiento de error, indicó que, el TPI erró al privarle de su derecho de su día en corte y privarlo de la vista en rebeldía que tenía derecho. Discutiremos los señalamientos de error en conjunto por estar estrechamente relacionados entre sí. *Veamos*.

Para disponer de la presente controversia ante nuestra consideración es necesario que detallemos el trámite procesal del

caso. Según surge del expediente ante nuestra consideración, el **30 de julio de 2024**, Almotec y la parte demandada fue emplazada mediante edicto. Posteriormente, el **30 de agosto de 2024**, Acrecent presentó una *Moción Solicitando Anotación y Sentencia en Rebeldía*, toda vez que había transcurrido el término de treinta (30) días para que estos presentaran alegación responsiva. Por su parte, el **13 de septiembre de 2024**, el apelante y la parte demandada presentaron su *Moción Asumiendo Representación Legal y Solicitud de Prórroga*, en la cual solicitaron el término de treinta (30) días para presentar alegación responsiva. A pesar de que el apelante y la parte demandada comparecieron luego de haber transcurrido el término de treinta (30) días para presentar alegación responsiva, el **16 de septiembre de 2024**, el TPI emitió una *Orden* que se notificó el mismo día, concediéndole veinte (20) días para presentar alegación responsiva y, en consecuencia, declaró No Ha Lugar la *Moción Solicitando Anotación y Sentencia en Rebeldía*.

Habiendo transcurrido el término que concedió el TPI sin que la parte presentara su alegación responsiva, el **8 de octubre de 2024**, Acrecent presentó su *Moción Reiterando Solicitud de Anotación de Rebeldía y Sentencia en Rebeldía*. Planteó que, el término para que Almotec y la parte demandada presentaran su alegación responsiva había vencido el 7 de octubre de 2024, razón por la cual procedía que se le anotara la rebeldía y dictara sentencia. Finalmente, el **16 de octubre de 2024**, el TPI emitió su *Sentencia*, en la cual anotó la rebeldía al apelante y la parte demandada y, declaró Ha Lugar la *Demanda*.

En primer lugar, debemos destacar que, Almotec presentó su *Moción Asumiendo Representación Legal y Solicitud de Prórroga* para presentar alegación responsiva en exceso del término otorgado en nuestras reglas de procedimiento civil para presentar alegación responsiva. Entiéndase, luego de transcurridos los treinta (30) días.

Aun así, el TPI otorgó a Almotec veinte (20) días adicionales para que este presentara alegación responsiva. Transcurrido dicho término, ni Almotec, ni la parte demandada presentaron alegación responsiva. Considerando lo anterior, el TPI anotó la rebeldía a la parte demandada y el apelante y dictó *Sentencia*.

Nótese, además, que el apelante presentó una solicitud de *Reconsideración* catorce (14) días después de haberse dictado la *Sentencia*. Sin embargo, dicha solicitud de *Reconsideración* no expresaba causa justificada por la cual no presentó alegación responsiva. Entiéndase, no presentó evidencia alguna que justificara la dilación, tampoco argumentó sobre cuáles eran las causas meritorias para dejar sin efecto la anotación de rebeldía. No podemos olvidar que, el Tribunal Supremo de Puerto Rico concluyó que las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa. *Soto Pino v. Uno Radio Group*, supra. A su vez, dicha moción de *Reconsideración* indicaba que tenía defensas meritorias para oponerse a la causa de acción de Acrecent. No obstante, no especificó cuáles eran dichas defensas. Si bien expuso que tenía argumentos para prevalecer en el pleito, meras alegaciones no constituyen prueba.

De igual forma, señalamos que Almotec no solicitó una vista ante el TPI para presentar prueba que sostuviera sus alegaciones. Es decir, no fue hasta la presentación del recurso ante este Tribunal de Apelaciones que Almotec solicitó la celebración de una vista en rebeldía ante el TPI. Por tanto, reiteramos que Almotec no presentó circunstancias extraordinarias que justificaran dejar sin efecto la anotación de rebeldía. Finalmente, destacamos que el apelante tenía treinta (30) días para presentar su alegación responsiva. No obstante, el TPI concedió veinte (20) días adicionales para presentar alegación responsiva. Luego, el TPI dictó *Sentencia* diez (10) días

después de transcurrido dicho término adicional. Por lo tanto, la Almotec tuvo cincuenta (50) días para presentar alegación responsiva. No lo hizo.

Según explicamos en exposición del derecho, la Regla 45.1 de Procedimiento Civil, *supra*, permite que el TPI le anote rebeldía al demandado *motu proprio*, o a solicitud de parte, por no comparecer a contestar la demanda o a defenderse como estipulan las reglas, o como sanción. Ahora bien, la Regla 45.3 de Procedimiento Civil, *supra,* establece que el tribunal únicamente dejará sin efecto una anotación de rebeldía por causa justificada. A base del contexto en el que surgió el trámite de este caso, entendemos que el TPI no abusó de su discreción al no dejar sin efecto la anotación de rebeldía. Entiéndase, Almotec no presentó causa justificada para su dilación, no argumentó respecto a la inexistencia de causar perjuicio a Acrecent y, tampoco especificó una buena defensa en sus méritos.

Recordemos que el propósito de la sanción de rebeldía es evitar que la dilación se utilice como estrategia de litigación. En este caso, la falta de presentación de la alegación responsiva fue lo que mantuvo el caso paralizado y causó demora de este. Por todo lo anterior, colegimos que los errores señalados por Almotec no se cometieron. Así pues, resolvemos que el TPI no incidió al anotar la rebeldía a Almotec y dictar *Sentencia* declarando Ha Lugar la *Demanda.*

IV.

Por los fundamentos expuestos, **confirmamos** la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones